```
1   Richard T. Drury
    richard@lozeaudrury.com
2   Rebecca Davis
    rebecca@lozeaudrury.com
3   LOZEAU DRURY LLP
    410 12th Street, Suite 250
4   Oakland, CA 94607
    Telephone: (510) 836-4200
5   Facsimile: (510) 836-4205

6   [Additional counsel appearing on signature page]

7   Attorneys for Plaintiff
    ABANTE ROOTER AND PLUMBING
8   and the Class
```

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# OAKLAND DIVISION

| | |
|---|---|
| **ABANTE ROOTER AND PLUMBING, INC.**, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>**UNITED BANK CARD, INC. d/b/a/ HARBORTOUCH,** a New Jersey corporation,<br><br>Defendant. | Case No.<br><br>**CLASS ACTION COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

Plaintiff Abante Rooter and Plumbing, Inc. ("Plaintiff" or "Abante") brings this Class Action Complaint and Demand for Jury Trial ("Complaint") against Defendant United Bank Card, Inc. d/b/a Harbortouch (collectively "Defendant" or "Harbortouch"): (1) to stop Defendant's practice of placing auto-dialed calls to cellphone owners; (2) to stop its practice of placing calls to consumers who have expressly asked not to be called; and (3) to obtain redress for all persons injured by its conduct. Plaintiff, for its Complaint, alleges as follows upon personal

knowledge as to itself and its own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by its attorneys.

## JURISDICTION & VENUE

1. The Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331, as the action arises under the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.*, ("TCPA" or the "Act") a federal statute. The Court also has jurisdiction under the Class Action Fairness Act, 28 U.S.C. § 1332 ("CAFA"). The alleged Classes consist of over 100 persons each, there is minimal diversity, and the claims of the class members when aggregated together exceeds $5 million. Further, none of the exceptions to CAFA applies.

2. This Court has personal jurisdiction over Defendant Harbortouch because it has either directly or through its agents solicited and entered into business contracts in this District, and calls were directed to cellphone owners in this District.

3. Venue is proper pursuant to 28 U.S.C. § 1391(b) because Plaintiff received the unlawful calls in this District and the calls were directed to persons residing, at least in part, in this District.

## PARTIES

4. Plaintiff Abante is a plumbing company headquartered in Emeryville, California.

5. Defendant Harbortouch is a fictitious name or d/b/a for United Bank Card, Inc., a corporation incorporated and existing under the laws of the State of New Jersey whose primary place of business and corporate headquarters is located at 2202 North Irving Street, Allentown, PA 18109.

## COMMON FACTUAL ALLEGATIONS

6. Defendant Harbortouch is a merchant processing company that contracts with businesses to provide credit card and debit card processing services, including point of sale card readers and related equipment.

7. All of the calls at issue in this case were made on behalf of, for the benefit of, and

CLASS ACTION COMPLAINT
-2-

with the knowledge and approval of Harbortouch.

8. Unfortunately for consumers, Harbortouch, in an attempt to secure new customers (and sales) for its credit and debit card reader and point-of-sale (POS) services, engaged in an aggressive telemarketing campaign—often stepping outside the law in the process. Specifically, Defendant uses an automatic telephone dialing system ("ATDS") to make unsolicited telemarketing calls to cellphone numbers. While such calls to landlines may be permitted under the Act, it is a plain violation of the TCPA, 47 U.S.C. § 227, *et seq.* to make such calls to cellphones. Furthermore, Defendant makes calls to cellphones after being told to stop calling.

9. Notably, telemarketers who wish to avoid calling cellphone numbers are able to segregate their calls lists to identify cellphone numbers. On information and belief, Defendant fails to segregate cellphone numbers from landline numbers and, as a result, makes unsolicited calls to cellphone owners like Plaintiff.

10. Rather than adhere to the requisite rules, Defendant places repeated calls to consumers who have never provided consent (either orally or in writing) to receive such calls.

11. What's worse, despite repeated attempts to request for Defendant to stop calling, Defendant simply ignores such requests and continues to place calls.

12. By making unauthorized telemarketing calls as alleged herein, Defendant has caused consumers actual harm. This includes the aggravation, nuisance and invasions of privacy that result from the placement and receipt of such calls, in addition to the wear and tear on their telephones, consumption of battery life, lost ability to place outgoing calls and other interruption in use, cellular minutes, loss of value realized for the monies consumers paid to their carriers for the receipt of such calls, and other diminished use, enjoyment, value, and utility of their cellphones and cellphone plans. Furthermore, Defendant made the calls knowing it trespassed against and interfered with Plaintiff and the other Class members' use and enjoyment of, and the ability to access, their cellphones, including the related data, software, applications, and hardware components.

13.     Defendant knowingly made, and continues to make, repeated autodialed telemarketing calls to cellphone owners without the prior express consent of the recipients and to consumers who have asked that the calls stop. As such, Defendant not only invaded the personal privacy of Plaintiff and members of the putative Classes, they also intentionally and repeatedly violated the TCPA.

14.     The calls were made by or on Harbortouch's behalf and with its knowledge and approval. Harbortouch knew about the calls, received the benefits of the calls, directed that the calls be made, and/or ratified the making of the calls.

15.     The TCPA was enacted to protect consumers from unsolicited telephone calls like those alleged in this case. In response to Harbortouch's unlawful conduct, Plaintiff files the instant lawsuit and seeks an injunction requiring Harbortouch to cease all unsolicited telephone calling activities to consumers as complained of herein and an award of statutory damages to the members of the Classes, together with costs and reasonable attorneys' fees.

## FACTS SPECIFIC TO PLAINTIFF ABANTE

16.     Plaintiff Abante is the owner and customary user of a cellphone number ending in 5154.

17.     At no time did Abante provide its cellphone number to Defendant or provide Defendant, or any of Defendant's agents, with prior express consent to call.

18.     At all times relevant hereto, and for a period of at least thirty (30) days prior to the relevant period of time, Plaintiff's cellphone number was and remains registered on the DNC Registry.

19.     Plaintiff received the following unsolicited calls from Defendant:

- 12-10-15 auto dialed from Caller ID 516-807-0978. Plaintiff told the caller not to call anymore and then terminated the call.

- 06-06-16 auto dialed from Caller ID 516-807-0978. Plaintiff told the caller not to call anymore and then terminated the call.

- 11-03-16 auto dialed from Caller ID 516-807-0987. Plaintiff talked with Caren and received an email.

CLASS ACTION COMPLAINT
-4-

- 4-24-17 auto dialed from Caller ID 870-663-0131. Plaintiff told the caller not to call anymore and then terminated the call.
- 05-15-17 auto dialed from Caller ID 870-663-0131. Plaintiff told the caller not to call anymore and then terminated the call.
- 05-16-17 auto dialed from Caller ID 870-663-0131. Plaintiff told the caller not to call anymore and then terminated the call.
- 05-24-17 auto dialed from Caller ID 870-663-0131. Plaintiff spoke with Crystal Byrd and received an email.
- 05-24-17 auto dialed from Caller ID 870-663-0131. Plaintiff told the caller not to call anymore and then terminated the call.
- 05-25-17 auto dialed from Caller ID 870-663-0131. Plaintiff told the caller not to call anymore and then terminated the call.
- 5-31-18 auto dialed from Caller ID 870-663-0131. Plaintiff told the caller not to call anymore and then terminated the call.

20. All of the calls were made by agents or employees of Harbortouch at the direction and oversight of Harbortouch. Harbortouch knew about, directed, ratified, and benefitted from the calls.

21. Prior to receiving the above-referenced calls, Plaintiff had no relationship with Defendant, had never provided its telephone number directly to Defendant, and had never requested that Defendant place calls to it or to offer it any services. Simply put, Plaintiff has never provided any form of prior express consent to Defendant to place telemarketing calls to its cellphone number and has no business relationship with Defendant.

22. Defendant Harbortouch was, and still is, aware that the above-described telemarketing calls were made to consumers like Plaintiff never provided prior express consent to receive them.

23. Moreover, Defendant intentionally refuses to honor requests by consumers to place their numbers on Defendant's do not call list, to the extent it maintains any such list or has a policy regarding the maintenance of any such list.

24. By making unsolicited calls as alleged herein, Defendant has caused Plaintiff and

CLASS ACTION COMPLAINT
-5-

members of the Classes actual harm. This includes the aggravation, nuisance, and invasions of privacy that result from the placement of such calls, in addition to the wear and tear on their cellphones, interference with the use of their phones, consumption of battery life, loss of value realized for the monies consumers paid to their wireless carriers for the receipt of such calls, and the diminished use, enjoyment, value, and utility of their telephone plans. Furthermore, Defendant made the calls knowing they trespassed against and interfered with Plaintiff and the other Class members' use and enjoyment of, and the ability to access, their phones, including the related data, software, and hardware components.

25. To redress these injuries, Plaintiff, on behalf of itself and the Classes of similarly situated individuals, brings this suit under the TCPA, which prohibits unsolicited telemarketing calls to cellular telephones. On behalf of the Classes, Plaintiff seek an injunction requiring Defendant to cease all unauthorized calling activities and an award of statutory damages to the class members, together with costs and reasonable attorneys' fees.

## CLASS ACTION ALLEGATIONS

26. Plaintiff brings this action in accordance with Federal Rule of Civil Procedure 23(b)(2) and Rule 23(b)(3) on behalf of himself and two Classes defined as follows:

> **Autodialed Class:** All persons in the United States who (1) from the date four years prior to the filing of this Complaint through the date notice is sent to the Class; (2) Defendant caused to be called; (3) on the person's cellphone; (4) for the same purpose as Defendant called Plaintiff; (5) using the same equipment that was used to call the Plaintiff, and (6) for whom Defendant claims it obtained prior express consent in the same manner as Defendant claims it obtained prior express consent to call the Plaintiff.
>
> **Stop Class**: All persons in the United States (1) who were called by Defendant; (2) who requested that Defendant not call them again; and (3) who, despite asking not to be called, received at least one additional call from Defendant using the same equipment that was used to call the Plaintiff.

27. The following people are excluded from the Classes: (1) any Judge or Magistrate presiding over this action and members of their families; (2) Defendant, Defendant's subsidiaries, parents, successors, predecessors, and any entity in which the Defendant or its parents have a

controlling interest and their current or former employees, officers and directors; (3) persons who properly execute and file a timely request for exclusion from the Classes; (4) persons whose claims in this matter have been finally adjudicated on the merits or otherwise released; (5) Plaintiff's counsel and Defendant's counsel; and (6) the legal representatives, successors, and assignees of any such excluded persons. Plaintiff anticipates the need to amend the class definitions following a period of appropriate discovery.

28. **Numerosity:** The exact number of members within the Classes is unknown and not available to Plaintiff at this time, but individual joinder is impracticable. On information and belief, Defendant has placed telemarketing calls to thousands of consumers who fall into the defined Classes. The number of members of the Classes and class membership can be identified through objective criteria, including Defendant's phone records.

29. **Typicality:** Plaintiff's claims are typical of the claims of other members of the Classes in that Plaintiff and the members of the Classes sustained the same legal injuries and damages arising out of Defendant's uniform wrongful conduct. If Plaintiff has an entitlement to relief, so do the rest of the Class Members.

30. **Adequate Representation:** Plaintiff will fairly and adequately represent and protect the interests of the Classes and has retained counsel competent and experienced in complex class actions, including class actions under the TCPA. Neither Plaintiff nor its counsel has any interest in conflict with or antagonistic to those of the Classes, and Defendant has no defenses unique to Plaintiff.

31. **Commonality and Predominance:** There are questions of law and fact common to the claims of Plaintiff and the Classes, and those questions will drive the litigation and predominate over any questions that may affect individual members of the Classes. Common questions for the Classes include, but are not necessarily limited to the following:

    (a)    Whether Defendant's conduct violated the TCPA;

(b) Whether the calls were made on behalf of Defendant and/or whether Defendant knew about, approved, or benefitted from the calls;

(c) Whether Defendant had prior express consent to place the calls;

(d) Whether the calls were made using an ATDS;

(e) Whether Defendant called consumers who requested not to be called; and

(f) Whether Defendant's conduct was willful or knowing such that members of the Classes are entitled to treble damages.

32. **Conduct Similar Towards All Class Members:** By committing the acts set forth in this pleading, Defendant has acted or refused to act on grounds substantially similar towards all members of the Classes so as to render certification of the Classes for final injunctive relief and corresponding declaratory relief appropriate under Rule 23(b)(2).

33. **Superiority & Manageability:** This case is also appropriate for class certification because class proceedings are superior to all other available methods for the fair and efficient adjudication of this controversy. Joinder of all parties is impracticable, and the damages suffered by the individual members of the Classes will likely be relatively small, especially given the burden and expense of individual prosecution of the complex litigation necessitated by Defendant's actions. Thus, it would be virtually impossible for the individual members of the Classes to obtain effective relief from Defendant's misconduct. Even if members of the Classes could sustain such individual litigation, it would still not be preferable to a class action, because individual litigation would increase the delay and expense to all parties due to the complex legal and factual controversies presented in this Complaint. By contrast, a class action presents far fewer management difficulties and provides the benefits of single adjudication, economies of scale, and comprehensive supervision by a single Court. Economies of time, effort and expense will be fostered and uniformity of decisions ensured. Also, there are no pending governmental actions against Defendant for the same conduct.

**FIRST CAUSE OF ACTION**
**Violation of 47 U.S.C. § 227, *et seq.***
**(On behalf of Plaintiff and the Autodialed Class)**

34. Plaintiff incorporates the foregoing allegations as if fully set forth herein.

35. Defendant made or caused to be made calls to Plaintiff's and the other Autodialed Class Members' cellphones.

36. These calls were made using equipment that had the capacity to store or produce telephone numbers using a random or sequential number generator, to receive and store lists of phone numbers, and to dial such numbers, *en masse,* without human intervention. The telephone dialing equipment utilized by Defendant, also known as a predictive dialer, dialed numbers from a list, or dialed numbers from a database of telephone numbers, in an automatic and systematic manner. Defendant's autodialer disseminated information *en masse* to Plaintiff and other consumers and is an ATDS under the TCPA.

37. The calls were for telemarketing purposes, specifically to apprise Plaintiff and others of the availability of Harbortouch's credit/debit card processing services.

38. Neither Plaintiff nor any other consumer ever provided prior express consent under the TCPA to be called by or on behalf of Harbortouch.

39. As a result of Defendant's unlawful conduct, Plaintiff and the other members of the Autodialed Class suffered actual damages and, under section 47 U.S.C. § 227(c)(5), Plaintiff and each member of the Autodialed Class are each entitled to receive up to $500 in damages for each violation of 47 C.F.R. § 64.1200.

40. Should the Court determine that Defendant's conduct was willful and knowing, the Court may, pursuant to Section 227(c)(5), treble the amount of statutory damages recoverable by Plaintiff and the other members of the Autodialed Class.

41. Plaintiff and the Autodialed Class members are also entitled to incidental injunctive relief and corresponding declaratory relief as necessary to prevent their future receipt of Defendant's unlawful calls.

**SECOND CAUSE OF ACTION**
**Violation of 47 U.S.C. § 227, *et seq.***
**(On behalf of Plaintiff and the Stop Class)**

42. Plaintiff incorporates the foregoing allegations as if fully set forth herein.

43. Plaintiff and other members of the Stop Class expressly requested that Defendant no longer place calls to them.

44. Rather than honor these requests or place Plaintiff and the members of the Stop Class on its internal do not call list, if any, Defendant Harbortouch continued to call Plaintiff and others who asked not to be called.

45. No consent was ever provided, and any consent that was ever hypothetically provided had been revoked. Despite this, Harbortouch continued to make calls, or to cause calls to be made, to Plaintiff and other members of the Stop Class.

46. The calls were made using equipment that had the capacity to store or produce telephone numbers using a random or sequential number generator, to receive and store lists of phone numbers, and to dial such numbers, *en masse*, without human intervention. The telephone dialing equipment utilized by Defendant, also known as a predictive dialer, dialed numbers from a list, or dialed numbers from a database of telephone numbers, in an automatic and systematic manner. Defendant's autodialer disseminated information *en masse* to Plaintiff and other consumers and is an ATDS under the TCPA.

47. As a result of Defendant's unlawful conduct, Plaintiff and the Stop Class suffered actual damages and, under section 47 U.S.C. § 227(c)(5), Plaintiff and each member of the Stop Class are entitled to receive up to $500 in damages for each violation of 47 C.F.R. § 64.1200.

48. In the event the Court determines that Defendant's conduct was willful and knowing, the Court may, pursuant to Section 227(c)(5), treble the amount of statutory damages recoverable by Plaintiff and the other members of the DNC Stop Class.

49. Plaintiff and the Autodialed Class members are also entitled to incidental injunctive relief and corresponding declaratory relief as necessary to prevent their future receipt of Defendant's unlawful calls.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Abante Rooter and Plumbing, on behalf of itself and the Classes, prays for the following relief:

A. An order certifying the Classes as defined above, appointing Plaintiff as the representative of the Classes, and appointing its counsel as Class Counsel;

B. An order declaring that Defendant's actions, as set out above, violate the TCPA;

C. An injunction requiring Defendant to cease all telemarketing calls to cellphones whose owners/users have requested to no longer receive calls, together with a declaration that Defendant used an ATDS in violation of the TCPA;

D. An award of actual monetary loss from such violations or the sum of five hundred dollars ($500.00) for each violation, whichever is greater all to be paid into a common fund for the benefit of the Plaintiff and the Class Members;

E. An award of trebled damages if willful or knowing violations are shown;

F. An award of reasonable attorneys' fees and costs to be paid out of the common fund prayed for above; and

G. Such other and further relief that the Court deems reasonable and just.

## JURY DEMAND

Plaintiff requests a trial by jury of all claims that can be so tried.

Dated: February 5, 2019

**Abante Rooter and Plumbing, Inc.**, individually and on behalf of all others similarly situated,

By: /s/ Rebecca Davis
One of Plaintiff's Attorneys

Richard T. Drury
richard@lozeaudrury.com
Rebecca Davis
rebecca@lozeaudrury.com
LOZEAU DRURY LLP
410 12th Street, Suite 250
Oakland, CA 94607
Telephone: (510) 836-4200
Facsimile: (510) 836-4205

CLASS ACTION COMPLAINT
-11-

Steven L. Woodrow*
swoodrow@woodrowpeluso.com
Woodrow & Peluso, LLC
3900 East Mexico Ave., Suite 300
Denver, Colorado 80210
Telephone: (720) 213-0675
Facsimile: (303) 927-0809

*pro hac vice admission to be sought

*Counsel for Plaintiff and the Putative Classes*